# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARVILLE PAYNE,<br><br>　　　　　Defendant. | Case No. 19-CR-120-4-JPS<br><br>**ORDER** |

## 1.  INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 3, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Apr. 3, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In October 2025, Defendant Marville Payne ("Defendant") filed a motion inquiring whether the Status Point Amendment applied to his sentence, and if so, seeking a reduction in his sentence. ECF No. 644. For the reasons stated below, the Court finds that Defendant is not eligible for a sentence reduction under the Status Point Amendment and must deny his motion.

## 2. BACKGROUND

In December 2019, Defendant pleaded guilty to, and was later formally adjudicated guilty of, a drug offense in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (Count One) and a firearm violation in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). ECF Nos. 221, 287. In June 2021, Defendant appeared before the Court for sentencing. ECF No. 441. The United States Probation Office for the Eastern District of Wisconsin ("Probation") calculated the applicable Guidelines as follows:

> Total Offense Level: 29
> Criminal History Category: IV
> Count One: 121 to 151 months of imprisonment . . .
> Count Two: Mandatory 60 months of imprisonment, consecutive

*Id.* at 2. The Court adopted that Guidelines construct. *Id.*

Defendant was sentenced to a term of imprisonment of 60 months as to Count One and 60 months as to Count Two, statutory mandatory minimum and consecutive to the term of imprisonment for Count One, for a total term of imprisonment of 120 months. *Id.* Defendant's sentence as to Count One was later lowered to 2 years, 7 months, and 30 days—

approximately 32 months total—to account for time he spent in state custody. ECF No. 508. Defendant is scheduled to be released from custody and into his term of supervised release in December 2027. *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2025).[1]

Probation has advised the Court that Defendant received two status points for his offenses of conviction and would receive no status points under the Status Point Amendment. In light of this change, Probation recalculated his amended Guidelines construct as follows:

> Total Offense Level: 29
> Criminal History Category: III (based on six points, with the two status points removed)

This offense level and criminal history category together yield an amended Guidelines advisory range of imprisonment of 108 to 135 months as to Count One; the 60-month mandatory minimum and consecutive sentence for Count Two is set by statute and remains unchanged.

### 3. LEGAL STANDARD

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[2] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

---

[1]Defendant's release date and the effective length of his sentence accounts for time he spent in state custody. *See* ECF No. 508.

[2]Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

**4.  ANALYSIS**

As explained above, Defendant received status points for his offense, so he broadly fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023 Criminal History Amendment*, "Who is Eligible for Retroactive Application?".

However, he is not eligible for a reduced sentence under the Status Point Amendment because, even taking into account the two-point decrease in criminal history points resulting from the Status Point Amendment and the resulting change to his criminal history category and advisory Guidelines range of imprisonment as to Count One, Defendant's sentence as to Count One—now 32 months—is lower than the low end of this retroactive adjusted Guidelines Range. Accordingly, the Court is not at liberty to lower this sentence further. *See* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was

outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies[,]" subject to limited exceptions not applicable in the instant case, and providing that when the sentencing court's original sentence "constitut[es] a downward departure or variance," the court may in no event reduce that sentence lower than the low end of any amended guidelines range). Additionally, as already mentioned, Defendant's 60-month sentence as to Count Two is fixed by statute and therefore not subject to reduction except in limited circumstances not applicable here.

In light of its findings that Defendant is not eligible to be considered for a sentence reduction, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

**5. CONCLUSION**

For the reasons stated above, the Court declines to reduce Defendant's sentence under either Status Point Amendment. The Court commends Defendant on his hard work and achievements while incarcerated. *See* ECF No. 644-1 (certificates indicating that Defendant has completed a wide range of programs while in prison). It encourages Defendant to spend the remainder of his time in prison taking advantage of the rehabilitative and educational opportunities available to him and preparing for a successful reentry into society.

Accordingly,

**IT IS ORDERED** that Defendant Marville Payne's motion to reduce his term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines, ECF No. 644, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge